**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIVERSTONE CENTER WEST LLC; RIVERSTONE CENTER EAST LLC; RIVERSTONE CENTER LLC, Washington limited liability companies, | No. 10-35668 |
| | D.C. No. 2:08-cv-00395-EFS |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| BARNES & NOBLE BOOKSELLERS INC.; BARNES & NOBLE INC., Delaware corporations, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted May 6, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Riverstone Center West, LLC ("Riverstone") and its related companies

appeal the district court's order granting summary judgment in favor of Barnes &

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Noble Booksellers, Inc., in a dispute concerning a commercial lease between Riverstone as lessor and Barnes & Noble as lessee. The lease was for a space in a shopping center in Coeur d'Alene, Idaho to be developed by Riverstone. The dispute concerns whether Barnes & Noble breached the provisions of the lease when it terminated the lease on the ground that Riverstone had not fulfilled the co-tenancy requirements. The facts are not disputed. The "co-tenancy requirements" provision of the contract lists three separate categories of tenants, one being for restaurant tenants. When the time for delivery came, at least one of the restaurants had not been built, and this was a principal reason given for the termination.

Riverstone sued, arguing the term "Inducement Tenants," as used in the lease, was ambiguous and could be read as excluding the restaurants. The district court agreed with Barnes & Noble that the contract was unambiguous and that "Inducement Tenants" included the restaurant category.

Riverstone's principal argument is that applying strict grammatical rules to the paragraph in question, the description of "Inducement Tenants" does not include the restaurant category. It therefore concludes the contract is ambiguous. The meaning conveyed by the paragraph in question, read as a whole and in the written content of the agreement, however, is that all three categories are, as the provision characterizes them, "collectively, the 'Inducement Tenants.'"

Riverstone also contends that the lease is ambiguous as to the meaning of "state of construction comparable to that of the completed Shell of the Premises." However, the lease defines that state of construction required for the Shell in a detailed exhibit to the lease. Without question, the restaurant did not meet the requirements listed in that exhibit.

One of the conditions for delivery of the building is satisfaction of the "requirements . . . relative to Inducement Tenants for Tenant's acceptance of the Premises." Pursuant to a related provision of the lease, Barnes & Noble was authorized to terminate the lease if the delivery conditions were not satisfied by the agreed upon date. Because the delivery requirement for Inducement Tenants was not satisfied, Barnes & Noble had the right to terminate and did not breach the terms of the lease. The district court properly so held.

Riverstone has waived its challenges to the district court's disposition of its remaining claims. *See, e.g., Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994-95 (9th Cir. 2009) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (internal quotation marks omitted).

**AFFIRMED**.